**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| INNOVATION SCIENCES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MGM SECURITY SERVICES, INC.,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 1:25-CV-837 |

**DEFENDANT MGM SECURITY SERVICES INC.'S ANSWER**

Defendant MGM Security Services, Inc. ("MGM"), by and through its undersigned counsel of record, hereby files its Answer in response to Plaintiff Innovation Sciences, LLC's ("Plaintiff") Complaint for Patent Infringement ("Complaint"), and would respectfully show the Court as follows:

**NATURE OF THE ACTION**

1. MGM admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States.

**THE PARTIES**

2. MGM is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, and therefore denies them.

3. Admit.

4. Admit.

5. Admit.

6. MGM denies the allegations of Paragraph 6 of the Complaint.

7. MGM denies the allegations of Paragraph 7 of the Complaint.

8. MGM admits that it provides security services in the Dallas/Fort Worth Metroplex and surrounding areas. MGM denies the remaining allegations of Paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9. Admit.

10. MGM admits that personal jurisdiction exists in the State of Texas. MGM denies that venue is proper in the U.S. District Court for the Western District of Texas ("District") and denies the remaining allegations of Paragraph 10 of the Complaint.

11. MGM admits that personal jurisdiction exists in the State of Texas. MGM denies that venue is proper in this District and denies the remaining allegations of Paragraph 11 of the Complaint.

12. MGM admits that personal jurisdiction exists in the State of Texas. MGM denies venue is proper in this District and denies the remaining allegations of Paragraph 12 of the Complaint.

13. MGM denies the allegations of Paragraph 13 of the Complaint.

14. MGM admits that personal jurisdiction exists in the State of Texas. MGM denies that venue is proper in this District and denies the remaining allegations of Paragraph 14 of the Complaint.

15. MGM denies the allegations of Paragraph 15 of the Complaint.

16. MGM denies the allegations of Paragraph 16 of the Complaint.

17. MGM denies the allegations of Paragraph 17 of the Complaint.

## THE ASSERTED PATENTS

### United States Patent No. 10,104,425

18. MGM is without knowledge of information sufficient to form a belief as to the allegations of Paragraph 18 of the Complaint, and therefore denies same,

19. MGM admits that Plaintiff purports to attach a copy of U.S. Patent No. 10,104,425 ("the '425 Patent") to the Complaint. MGM denies the remaining allegations of Paragraph 19 of the Complaint.

20. MGM is without knowledge of information sufficient to form a belief as to the allegations of Paragraph 20 of the Complaint, and therefore denies same.

21. MGM is without knowledge of information sufficient to form a belief as to the allegations of Paragraph 21 of the Complaint, and therefore denies same.

22. MGM is without knowledge of information sufficient to form a belief as to the allegations of Paragraph 22 of the Complaint, and therefore denies same.

23. MGM is without knowledge of information sufficient to form a belief as to the allegations of Paragraph 23 of the Complaint, and therefore denies same.

24. MGM is without knowledge of information sufficient to form a belief as to the allegations of Paragraph 24 of the Complaint, and therefore denies same.

25. MGM is without knowledge of information sufficient to form a belief as to the allegations of Paragraph 25 of the Complaint, and therefore denies same.

### United States Patent No. 10,469,898

26. MGM is without knowledge of information sufficient to form a belief as to the allegations of Paragraph 26 of the Complaint, and therefore denies same.

27. MGM admits that Plaintiff purports to attach a copy of U.S. Patent No. 10,469,898 ("the '898 Patent") to the Complaint. MGM denies the remaining allegations of Paragraph 27 of the Complaint.

28. MGM is without knowledge of information sufficient to form a belief as to the allegations of Paragraph 28 of the Complaint, and therefore denies same.

29. MGM is without knowledge of information sufficient to form a belief as to the allegations of Paragraph 29 of the Complaint, and therefore denies same.

30. MGM is without knowledge of information sufficient to form a belief as to the allegations of Paragraph 30 of the Complaint, and therefore denies same.

**United States Patent No. 11,109,094**

31. MGM is without knowledge of information sufficient to form a belief as to the allegations of Paragraph 31 of the Complaint, and therefore denies same.

32. MGM admits that Plaintiff purports to attach a copy of U.S. Patent No. 11,109,094 ("the '094 Patent") to the Complaint. MGM denies the remaining allegations of Paragraph 32 of the Complaint.

33. MGM is without knowledge of information sufficient to form a belief as to the allegations of Paragraph 33 of the Complaint, and therefore denies same.

34. MGM is without knowledge of information sufficient to form a belief as to the allegations of Paragraph 34 of the Complaint, and therefore denies same.

35. MGM is without knowledge of information sufficient to form a belief as to the allegations of Paragraph 35 of the Complaint, and therefore denies same.

## CLAIMS FOR RELIEF

### Count I – Infringement of United States Patent No. 10,104,425

36. MGM incorporates by reference its responses set forth in Paragraph 1-35 above as if fully set forth herein.

37. MGM denies the allegations of Paragraph 37 of the Complaint.

38. MGM denies the allegations of Paragraph 38 of the Complaint.

39. MGM denies the allegations of Paragraph 38 of the Complaint.

40. MGM denies the allegations of Paragraph 40 of the Complaint.

41. MGM denies the allegations of Paragraph 41 of the Complaint.

42. MGM denies the allegations of Paragraph 42 of the Complaint.

43. MGM denies the allegations of Paragraph 43 of the Complaint.

44. MGM denies the allegations of Paragraph 44 of the Complaint.

45. MGM denies the allegations of Paragraph 45 of the Complaint.

46. MGM denies the allegations of Paragraph 46 of the Complaint.

47. MGM denies the allegations of Paragraph 47 of the Complaint.

48. MGM denies the allegations of Paragraph 48 of the Complaint.

49. MGM denies the allegations of Paragraph 49 of the Complaint.

50. MGM denies the allegations of Paragraph 50 of the Complaint.

### Count II – Infringement of United States Patent No. 10,469,898

51. MGM incorporates by reference its responses set forth in Paragraph 1-50 above as if fully set forth herein.

52. MGM denies the allegations of Paragraph 52 of the Complaint.

53. MGM denies the allegations of Paragraph 53 of the Complaint.

54. MGM denies the allegations of Paragraph 54 of the Complaint.

55. MGM denies the allegations of Paragraph 55 of the Complaint.

56. MGM denies the allegations of Paragraph 56 of the Complaint.

57. MGM denies the allegations of Paragraph 57 of the Complaint.

58. MGM denies the allegations of Paragraph 58 of the Complaint.

59. MGM denies the allegations of Paragraph 59 of the Complaint.

60. MGM denies the allegations of Paragraph 60 of the Complaint.

61. MGM denies the allegations of Paragraph 61 of the Complaint.

62. MGM denies the allegations of Paragraph 62 of the Complaint.

63. MGM denies the allegations of Paragraph 63 of the Complaint.

64. MGM denies the allegations of Paragraph 64 of the Complaint.

65. MGM denies the allegations of Paragraph 65 of the Complaint.

66. MGM denies the allegations of Paragraph 66 of the Complaint.

**Count III – Infringement of United States Patent No. 11,109,094**

67. MGM incorporates by reference its responses set forth in Paragraph 1-66 above as if fully set forth herein.

68. MGM denies the allegations of Paragraph 68 of the Complaint.

69. MGM denies the allegations of Paragraph 69 of the Complaint.

70. MGM denies the allegations of Paragraph 70 of the Complaint.

71. MGM denies the allegations of Paragraph 71 of the Complaint.

72. MGM denies the allegations of Paragraph 72 of the Complaint.

73. MGM denies the allegations of Paragraph 73 of the Complaint.

74. MGM denies the allegations of Paragraph 74 of the Complaint.

75. MGM denies the allegations of Paragraph 75 of the Complaint.

76. MGM denies the allegations of Paragraph 76 of the Complaint.

77. MGM denies the allegations of Paragraph 77 of the Complaint.

78. MGM denies the allegations of Paragraph 78 of the Complaint.

79. MGM denies the allegations of Paragraph 79 of the Complaint.

80. MGM denies the allegations of Paragraph 80 of the Complaint.

81. MGM denies the allegations of Paragraph 81 of the Complaint.

82. MGM denies the allegations of Paragraph 82 of the Complaint.

## JURY DEMAND

83. Plaintiff's Jury Demand does not contain any allegations and therefore does not require a response. MGM also demands a jury to adjudicate this case.

## PRAYER FOR RELIEF

MGM denies that Plaintiff is entitled to any of the relief requested in the Complaint and respectfully requests that all of Plaintiff's claims be dismissed with prejudice. As such, this Court should award MGM full costs and reasonable attorney's fees as the prevailing defendant in this exceptional case.

## MGM AFFIRMATIVE DEFENSES

Without assuming any burden of proof it would not otherwise have, MGM asserts the following affirmative defenses and reserves the right to amend this Answer to add additional affirmative defenses as further information is obtained.

## FIRST AFFIRMATIVE DEFENSE

Venue is improper in the U.S. District Court for the Western District of Texas.

**SECOND AFFIRMATIVE DEFENSE**

MGM has not infringed and does not infringe, under any theory of infringement, including literally or under the doctrine of equivalents, directly, jointly, or indirectly (whether contributorily or by inducement), any valid, enforceable claim of the ‘435 Patent, the ‘898 Patent, and the ‘094 Patent (“Asserted Patents”).

**THIRD AFFIRMATIVE DEFENSE**

Each asserted claim of the Asserted Patents is invalid pursuant to the requirements of one or more of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff and any predecessors in interest to the Asserted Patents failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that MGM actions allegedly infringe the Asserted Patents, MGM is not liable to Plaintiff for the allegedly infringing acts performed prior to receiving notice that it was allegedly infringing the Asserted Patents

**FIFTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff asserts that MGM indirectly infringes the Asserted Patents, either by contributory infringement or inducement of infringement, MGM is not liable to Plaintiff for the acts alleged to have been performed before MGM knew that its actions would cause indirect infringement.

**SIXTH AFFIRMATIVE DEFENSE**

The claims of the Asserted Patents do not claim patent eligible subject matter under 35 U.S.C. § 101.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff asserts that MGM infringes under a theory of joint infringement, MGM is not liable to Plaintiff. MGM does not perform each element of any claim of the Asserted Patents, and MGM is not legally responsible for the actions of third parties accused by Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by one or more of the equitable doctrines of estoppel, acquiescence, waiver, or unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff is estopped from asserting any interpretations of any valid, enforceable claim of the Asserted Patents that would cover any activity of MGM due to statements, representations, and admissions made during prosecution of the Asserted Patents.

**TENTH AFFIRMATIVE DEFENSE**

MGM is licensed to the Asserted Patents by virtue of express or implied licenses granted by Plaintiff or and any predecessors in interest to the Asserted Patents to various third parties.

Dated: August 28, 2025

Respectfully submitted,

/s/ Michael B. Regitz

Michael B. Regitz
Attorney-in-Charge
Texas Bar No. 24051238
mike@regitzmauck.com
Dustin M. Mauck
Texas Bar No. 24046373
dustin@regitzmauck.com

**RegitzMauck PLLC**
1412 Main Street, Suite 415
Dallas, TX 75202
Telephone: (214) 414-3813
Facsimile: (214) 414-3814

Counsel for MGM Security Services, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and complete copy of the foregoing MGM SECURITY SERVICES, INC.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT has been served on all counsel that have registered as filing users of the ECF system and appeared as counsel on August 28, 2025.

/s/ Michael B. Regitz
Michael B. Regitz